IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN EGAN, individually and on behalf of all others similarly situated, | Case No. 2:17-cv-00445-MRH |
| Plaintiff, | Hon. Judge Mark R. Hornak |
| v. | |
| LIVE NATION WORLDWIDE, INC., | |
| Defendant. | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY PENDING APPEAL**

I.  **INTRODUCTION.**

Plaintiff did not meet his high burden to show that Defendant's motion to stay should be denied because Defendant's appeal is frivolous. As explained below, Plaintiff did nothing to refute that Defendant has colorable arguments that: (1) Plaintiff waived all evidentiary objections to the 2012 TOU by failing to object; (2) the Court was required to give Defendant an opportunity to supplement the record to cure any perceived deficiencies in light of Plaintiff's failure to object; (3) the declaration and deposition testimony of Mr. Han adequately authenticated the 2012 TOU; and (4) Defendant's evidence was sufficient to prove a valid agreement to arbitrate in both 2012 and 2017.

II.  **ARGUMENT.**

A.  **THE COURT DID NOT ALREADY DETERMINE THAT DEFENDANT'S APPEAL WOULD BE FRIVOLOUS.**

In its motion to compel arbitration, Defendant noted that where the parties have "clearly and unmistakably" referred the arbitrability question to the arbitrator, then the "wholly groundless" standard applies to the assertion of arbitrability. The court found that the "wholly

groundless" standard was not triggered because the parties did not agree to arbitrate in the first instance. (Docket 46 at 12). In the alternative, the court noted that the perceived deficiencies in Defendant's evidence made its assertion of arbitrability "wholly groundless." (Id.).

Contrary to Plaintiff's suggestion, the Court did not purport to rule on whether Defendant had any colorable arguments on appeal, nor could it have, since Defendant never had the opportunity to raise its arguments regarding the authentication of the 2012 TOU which was never in dispute, Plaintiff's waiver of his evidentiary objections, and/or the Court's obligation to allow Defendant to supplement the record.

Moreover, the "wholly groundless" standard that applies when the parties have "clearly and unmistakably" referred the arbitrability question to the arbitrator under a delegation clause is distinct from the "frivolous" standard for appeals. Plaintiff has not cited to any authority suggesting they are one and the same. Indeed, strong policy considerations dictate construing the frivolous standard very narrowly. *See, e.g., The Hilmon Company (V.I.) Inc. v. Hyatt International*, 899 F.2d 250, 251, 253 (3d Cir. 1990) (The Third Circuit "has been reluctant to classify appeals as frivolous, so that novel theories will not be chilled and litigants advancing any claim or defense which has colorable support under existing law or reasonable extensions thereof will not be deterred").

The two unpublished cases cited by Plaintiff – *Bucher v. American Health and Life Ins. Co.*, 2014 WL 5464857 (W.D. Pa. 2014) and *Kirleis v. Dickie*, 2017 WL 3023950 (W.D. Pa. 2007) – do not help him. First, they have nothing to do regarding whether the "wholly groundless" standard is similar to the "frivolous" standard. Second, they are readily distinguishable. In *Bucher*, the district court found that the defendant's appeal was frivolous because "the loan in question did not have an arbitration clause in it." *Id.* at *1. In *Kirleis*, the district court found the defendant's appeal was frivolous because "defendant failed to offer any

evidence to refute plaintiff's sworn testimony that she did not actually receive, sign, nor was she otherwise informed of the arbitration provision within the By-Laws." *Id.* at *2.

Significantly, neither the *Bucher* nor the *Kirleis* case involved whether evidence regarding the design of a website could be used to show that a plaintiff agreed to arbitration. Moreover, in stark contrast to *Bucher* and *Kirleis*, both the 2012 and 2017 TOU at issue here contained arbitration provisions, and it was Defendant's evidence that was unrebutted – Plaintiff did not submit any evidence to challenge Defendant's evidence regarding the design of its website or its records of Plaintiff's purchase history.

Rather, the two cases on point are *Goza v. Multi-Purpose Civic. Cir. Facilities Bd. For Pulaski Cty.*, 2014 WL 3672128, (W.D. Ark. July 23, 2014) and *Nevarez v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*, 2017 WL 3492110, *7-8 (N.D. Cal. Aug. 15, 2017) where both courts granted Defendant's motion to compel arbitration on nearly identical evidence which at the very least shows that Defendant has colorable arguments on appeal.

**B.  PLAINTIFF'S ARGUMENT THAT HE DID NOT WAIVE HIS OBJECTIONS TO THE AUTHENTICATION OF THE 2012 TOU AND THAT THE COURT WAS NOT REQUIRED TO ALLOW DEFENDANT TO CURE ANY PERCEIVED DEFICIENCIES LACKS MERIT.**

Although Plaintiff cannot point to anywhere in the record where he actually objected to the authentication of the 2012 TOU, Plaintiff goes to great pains to argue that his "other" objections were somehow sufficient to prevent waiver and not require the Court to allow Defendant to cure any perceived deficiencies. More specifically, Plaintiff claims that his general argument that "there is no competent evidence demonstrating what the Website looked like in 2012" and his objection that Defendant cannot rely on the testimony of Mr. Han under the "best evidence" rule somehow put Defendant "on notice" that he was also objecting to the 2012 TOU based on lack of authentication. (Docket 37 at 7-8; Docket 60 at 5-6).

Plaintiff's argument is frivolous.  F.R.E. 103(a)(1) states that an objection must "state the specific ground of objection."  "The Advisory Committee Notes to Rule 103 indicate that the purpose of the specificity requirement is to call the nature of the error to the attention of the judge, so as to alert him to the proper course of action and *enable opposing counsel to take proper corrective measures.*"  *Hirst v. Iverness Hotel Corp.*, 544 F.3d 221, 225, fn. 5 (3d Cir. 2008).  Under well-established law, an objection made on one ground does not preserve other grounds for appellate review.  *See, e.g., Cooper Distributing Co., Inc. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 552 (3d 1999); *McKnight By & Through Ludwig v. Johnson Controls, Inc.*, 36 F.3d 1396, 1407 (8th Cir. 1994); *Correia v. Feeney*, 620 F.3d 9, 15 (1st Cir. 2010).  Similarly, a general objection to evidence does not preserve any issues on appeal.  *See, e.g., Prymer v. Ogden*, 29 F.3d 1208, 1212 (7th Cir. 1994); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 81 (1st Cir. 2004); *United States v. Field*, 875 F.2d 130, 134 (7th Cir. 1989) ("Neither a general objection to the evidence nor a specific objection on other grounds will preserve the issue on review").

Thus, in this case, Plaintiff's general argument that Defendant did not submit any "competent" evidence regarding what the 2012 website looked like and his "best evidence" objection are insufficient as a matter of law to constitute an objection to the authentication of the 2012 TOU.  Accordingly, Plaintiff waived all objections.  *See, e.g., Christine v. Davis*, 600 Fed.App. 47, 50 (3d Cir. 2015) ("if party does not object to admission of evidence…objection is waived').  Given Plaintiff's waiver, Defendant also has a colorable argument that the Court was required to allow Defendant the opportunity to cure any deficiencies.  *See, e.g., Madera v. Ameriquest Mortgage*, 363 B.R. 718, fn. 2 (E.D. Penn. 2007); *Rodriguez v. Village Green Realty, Inc.,* 788 F.3d 31, 47 (2nd Cir. 2015) (overturning district court's ruling that records were inadmissible because they were unauthenticated when moving party did not have opportunity to

respond). There can be no doubt that Defendant would have been able to authenticate one of its own documents – through Mr. Han or someone else – if it has been afforded the opportunity.

   C. **DEFENDANT HAS A COLORABLE ARGUMENT THAT IT PROPERLY AUTHENTICATED THE 2012 TOU.**

  Plaintiff does not directly address Defendant's argument that it properly authenticated the 2012 TOU. Plaintiff does not challenge Defendant's legal authority holding that the burden of proof for authentication is slight, that a person need not have personal knowledge to authenticate documents, that an employee authenticating a document need not work at the company when the document at issue was created, that knowledge can be obtained through the person's position or experience or inferred from the person's position or title, or that a documents can be authenticated by its appearance, contents, substance, internal patters, or other distinctive characteristics of the item, taken together with all the circumstances.

  Similarly, Plaintiff does not challenge that a party may authenticate exhibits showing what a website looked like on various dates by providing a declaration verifying that accurate copies were retrieved from an electronic archive or by the documents' own circumstantial indicia of authenticity such as the dates, web addresses, and content that appear thereon. *See, e.g., U.S. v. Bansal*, 663 F.3d 634, 667-668 (3d Cir. 2011) (screenshots from Internet Archive Company website "Wayback Machine" authenticated by testimony regarding how internet archive worked); *Telewizja Polaska USA, Inc. v. Echostar Satellite Corp.*, 2004 WL 2367740 (N.D. Ill. 2004) (affidavit verifying that the Internet Archive Company retrieved copies of the third party website as it appeared on the dates in question from its electronic archives provided sufficient authentication); *Lebewohl v. Heart Attack Grill LLC*, 890 F.Supp.2d 278 (S.D. N.Y. 2012) (printouts from third party website authenticated by internet domain address and the date of printout); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 213 F.Supp.2d 1146 (C.D. Cal. 2002)

(website printouts authenticated by declaration claiming they were "true and correct copies" and circumstantial indicia of authenticity such as the dates and web addresses).

Instead, tellingly, Plaintiff downplays the significance of the authentication of the 2012 TOU. Here, Defendant easily satisfied its low burden to make a prima facie showing that the 2012 TOU is what it purports to be. Defendant submitted a declaration from Mr. Han, Vice-President of Product Management, certifying that as part of his job duties, he was familiar with Defendant's websites, their TOUs, and how tickets are sold through the websites. (Docket 35-4). The declaration provided a detailed description of the online purchase process and how a user must agree to the TOU in order to make a purchase. (Docket 35-4 at ¶¶2-9). Mr. Han also certified that he was attaching a true and correct copy of the TOU that was effective in 2012 when Plaintiff bought tickets. (Docket 35-4 at ¶2; Docket 35-6). In addition, Mr. Han provided deposition testimony explaining the archive process, how Defendant is able to retrieve old documents that are version-controlled *such as the TOU*, and how he can check the code to determine the functionality of the website at a particular time. (Docket 39-2 at 13:1-16:15; 17:18-13; 21:11-17; 74:11-23). Moreover, the 2012 TOU has many indicia of authenticity, such as dates, domain addresses for affiliated websites, Defendant's contact information, and its similarity to the unchallenged 2017 TOU.

This is more than adequate, especially considering that Plaintiff never interposed any objections to the authentication of the 2012 TOU.

### D. **DEFENDANT HAS A COLORABLE APPEAL REGARDING ITS PURPORTED FAILURE TO PROVE AN AGREEMENT TO ARBITRATE BASED ON THE DESIGN OF ITS WEBSITE.**

Defendant submitted uncontradicted evidence (*i.e.* Plaintiff's purchase records) that Plaintiff bought tickets in 2012 through its website and that the design of its website would not have allowed Plaintiff to buy tickets unless he had agreed to arbitration. Because Plaintiff had

no basis to challenge the purchase records – he merely testified that he could not recall one way or the other whether he bought tickets in 2012 – and had no basis to challenge the design of Defendant's website in 2012, Plaintiff asserted a series of convoluted arguments: (1) the best evidence rule precluded Mr. Han from testifying about the content of the 2012 Website; (2) Mr. Han could not rely on his memory to establish the content of the 2012 Website because he joined Defendant's company in 2013; and (3) Defendant was required but could not recreate the exact pages as Plaintiff actually saw them on February 24, 2012, in order to prove a valid agreement to arbitrate.

The court found that Defendant's purported failure to authenticate the 2012 TOU coupled with Defendant's inability to "recreate various pages as Plaintiff allegedly would have seen them in February 24, 2012…[showed that] Plaintiff's challenge to Mr. Han's personal knowledge of the contents of Defendant's website in 2012 is well taken."  (Docket 46 at 7).

Defendant respectfully submits that it has colorable arguments on appeal with respect to these issues.  First, the best evidence rule embodied in F.R.E. 1004 does not apply.  *Assuming arguendo* that it applies to websites in the first instance, it provides that: "An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if… the originals are lost or destroyed, and not by the proponent acting in bad faith."  F.R.E. 1004(a).  In this case, there is no suggestion that any originals were lost or destroyed by Defendant in bad faith.

Second, as noted above and in Defendant's moving papers, Mr. Han does not have to have contemporaneous memories of the content of the website in 2012 to show that Plaintiff must have agreed to arbitrate in order to purchase tickets.  Mr. Han properly relied on his job experience, his review of relevant documents, the website's code, and Defendant's electronic archive system.  Mr. Han certified that as part of his job duties, he was familiar with Defendant's

websites, their TOUs, and how tickets are sold through the websites. (Docket 35-4). Mr. Han provided a detailed description of the online purchase process and how a user must agree to the TOU in order to make a purchase. (Docket 35-4 at ¶¶2-9). In addition, Mr. Han provided deposition testimony explaining the archive process, the website's code, how he is able to retrieve old documents that are version-controlled such as the TOU, and how he can check the code to determine the functionality of the website at a particular time. (Docket 39-2 at 13:1-16:15; 17:18-13; 21:11-17; 74:11-23).

Contrary to Plaintiff's suggestion, Mr. Han's second declaration did not contradict his first declaration or deposition testimony. At deposition, Mr. Han testified that he likely could not recreate all of the miscellaneous contemporaneous non-static content that would have been on the website in 2012, but that he could recreate the content that was static and version-controlled:

> Q: "The payment page. Those four pages, can you provide those to us as they were rendered on February 24, 2012?
>
> A: "I think there's content that will be difficult to replicate. So for example, on the home page, there's all kinds of stuff. I would need events to render. I would need a Facebook module. There are things that are just not – I think the data won't be available….I can reproduce the code that would have rendered the pages, but it would be devoid of the content that would have surfaced on those pages….I think it really depends on what specific things you mean. I can be reasonably sure that there was a navigation bar, because that's in the code. I can reasonably be sure that a footer was brought in because that's in the code. I can be reasonably sure what the footer would have contained because the footer itself would have been a static file that's version controlled."

(Docket 39-2 at 38:4-39:10).

In face of Plaintiff's continued insistence that Defendant recreate the exact pages that Plaintiff would have seen when he purchased tickets in 2012 – including contemporaneous screenshots, website advertising, the tickets available for Plaintiff to purchase etc. – Mr. Han merely clarified in his second declaration that this was not possible due to software and infrastructure changes.

This is no way undermines Mr. Han's testimony that -- based on his job experience, Defendant's electronic archive system, the way the website was designed, the website's code, and the static files that are version controlled that he was able to render -- Plaintiff could not have purchased tickets in 2012 without agreeing to arbitrate.  There is no logical gap between Defendant's inability to recreate the exact pages Plaintiff would have seen in 2012 and Defendant's uncontradicted evidence that Plaintiff would have had to agree to arbitrate before he purchased tickets in 2012 based on the design of the website.  Plaintiff never explained why the inability to reproduce an exact version of the 2012 website means that Plaintiff could have somehow bypassed the design of the website and purchased tickets without consenting to the 2012 TOU.

> Indeed, courts have already rejected this same argument out-of-hand:
>
> "Plaintiff seems to argue that Ticketmaster should be required to offer the exact webpage that Plaintiff viewed in 2011 as proof of her acceptance of the terms. Plaintiff hypothesizes that the website could have malfunctioned on the day Plaintiff was using it.  However, Plaintiff offered no law in support of her arguments regarding the required proof, and Plaintiff has offered no evidence that would call into question the affidavit and exhibits submitted by Ticketmaster. Accordingly, the Court is satisfied that Ticketmaster has met its burden of demonstrating Plaintiff's assent to the Terms of Use."

*Goza v. Multi-Purpose Civic. Cir. Facilities Bd. For Pulaski Cty.*, 2014 WL 3672128, at *3 (W.D. Ark. July 23, 2014); *Nevarez v. Live Nation Entertainment, Inc. and Ticketmaster L.L.C.*, 2017 WL 3492110, *7-8 (N.D. Cal. Aug. 15, 2017) (granting Defendant's motion to compel arbitration based on the design of its Website without requiring recreation of the actual pages plaintiff visited).

To the extent the Court found Mr. Han's testimony to be ambiguous or believed that disputed facts precluded the granting of Defendant's motion, then the Court was required to hold a trial on the matter.  *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013).

E.  **DEFENDANT'S APPEAL REGARDING PLAINTIFF'S AGREEMENT TO ARBITRATE IN 2017 IS NOT FRIVOLOUS.**

As explained in Defendant's moving papers, Plaintiff clicked on a button on Defendant's website when he entered the presale code and again when he attempted to purchase tickets prompting the following message: "Sorry we don't have any accessible seating at the moment." Defendant's website does not magically know what tickets the user wants to buy nor does it respond that no tickets are available unless a user submitted a query.

Plaintiff has no explanation whatsoever regarding how Plaintiff could have received this message without clicking on Defendant's website. Instead, Plaintiff posits in a conclusionary manner that Defendant did not meet its burden to show that this click constituted notice of acceptance of the TOU: "Even if Plaintiff clicked 'at least one button' or 'something' in the process, Defendant did not show that such a click was accompanied by acceptance of the TOU or constructive notice that that specific click would bind the user to the TOU." (Docket 60 at 14).

Plaintiff is wrong. Defendant submitted uncontradicted evidence that Defendant's website pages state: "By continuing past this page, you agree to our Terms of Use." (Docket 35-4 at 2; Docket 35-7 at 3). Thus, any click constitutes consent. At the very least, this is not a frivolous interpretation of the evidence. Moreover, to the extent that disputed facts precluded the granting of Defendant's motion, then the Court was required to hold a trial on the matter. *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013).

IV.  **CONCLUSION.**

For the above reasons, Defendant's appeal is not frivolous and the Court should grant Defendant's motion to stay this lawsuit pending resolution of Defendant's appeal.

May 23, 2018                               Respectfully submitted,

                                           */s/ Gregory F. Hurley*
                                           Gregory Hurley (*pro hac*)
                                           Michael J. Chilleen (*pro hac*)

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
(P) 714.513.5100
ghurley@sheppardmullin.com
mchilleen@sheppardmullin.com

James S. Malloy (PA I.D. No. 89354)
**DINGESS, FOSTER, LUCIANA, DAVIDSON & CHLEBOSKI LLP**
PNC Center, Third Floor
20 Stanwix Street
Pittsburgh, PA 15222
(P) 412-926-1817
jmalloy@dfllegal.com

*Counsel for Live Nation Worldwide, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of May, 2018, a true and correct copy of the foregoing document was filed and served by way of the Court's CM/ECF system upon the following counsel of record:

R. Bruce Carlson
Gary F. Lynch
Kevin Abramowicz
**CARLSON LYNCH SWEET KILPELA & CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

*Counsel for Plaintiffs*

/s/ Gregory F. Hurley